**GLASS v. ICKES, Secretary of the Interior, et al.**

No. 7348.

United States Court of Appeals for the District of Columbia.

Decided Oct. 2, 1939.

Claude L. Dawson and Earle W. Wallick, both of Washington, D. C., for appellant.

Frederic L. Kirgis, First Asst. Sol., and Harry M. Edelstein, Asst. Sol., Department of the Interior, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and STEPHENS and RUTLEDGE, Associate Justices.

PER CURIAM.

Appellant is a lawyer practicing at Tyler, Texas, located in the East Texas Oil Field. From August 1, 1934, to September 15, 1937, he was employed in various capacities in the administration and enforcement, first, of the provisions of Section 9(c) of the National Industrial Recovery Act,[1] later of .the Connally Act.[2] From May 16, 1936, to September 15, 1937, he was Chief Investigator of the Federal Petróleum Agency No. 1 (herein called the Agency).[3] On the latter date he resigned voluntarily from this position. A few days later he entered the private practice of law at Tyler. By his bill herein, filed May 10, 1938, he sought injunctions, temporary and permanent, restraining appellees from refusing to permit him to practice, appear or act as agent or attorney in proceedings before Federal Tender Board No. 1 (herein called the Board), which has headquarters at Kilgore, Texas, and is vested with authority to issue Certificates of Clearance for petroleum and its products

---

[1] Act of Congress of June 16, 1933, 48 Stat. 195, 200. Section 9(c) empowered the President to prohibit the transportation in interstate commerce of petroleum and its products produced or withdrawn from storage in excess of amounts permitted by state law.

[2] Act of Congress of February 22, 1935, 49 Stat. 30, 15 U.S.C.A. §§ 715–715*l* as amended by the Act of June 14, 1937, 50 Stat. 257, and the Act of June 29, 1939, Public No. 158, 76th Congress, 15 U.S. C.A. § 715*l*. The function of the Act appears generally from its title: "An Act To regulate interstate and foreign commerce in petroleum and its products by prohibiting the shipment in such commerce of petroleum and its products produced in violation of State law, and for other purposes." By various sections the President is invested with authority to administer and enforce the Act, to make regulations concerning matters specified, including the issuance of Certificates of Clearance for petroleum moving in interstate commerce, and to designate agencies, officials or employees to assist in performing his functions under the Act as well as to create boards and agencies for that purpose.

[3] See note 10, infra, as to the functions of this and other agencies involved herein and their interrelations.

moved in interstate commerce from the East Texas Oil Field.[4] He appeals from a final judgment, entered December 7, 1938, granting appellees' motion to dismiss the bill and dismissing the suit. No claim is made for damages.

On March 24, 1933, appellee Ickes, as Secretary of the Interior, promulgated his Order No. 615, which so far as material here is as follows:

"8-a. No person who has been employed or has held any office or place of trust or profit in the Department of the Interior shall be permitted to practice, appear, or act as an attorney or agent in any case, claim, contest or other proceeding before the Department or before any bureau, board, division or other agency thereof, until two years shall have elapsed after the separation of the said person from the said service. * * *"[5]

The bill alleges that prior to October 29, 1937, various persons sought to employ appellant to represent them in matters arising before the Board, and that he accepted such employment in matters not pending before it or other agencies of the Government and upon which he had not passed while employed by it. There is no allegation that he accepted *only* such business.

On October 29, 1937, the Board refused to permit appellant to appear or practice before it, and stated that it would continue to do so for a period of two years from the date of his resignation as Chief Investigator. The action was based on Order No. 615 and instructions received previously by the Board from appellee Holland, as Director of the Petroleum Conservation Division, and approved October 27, 1937, by appellee Ickes, his superior officer. The instructions ruled that Order No. 615 applies to the operations of the Board and of the Agency, and to their employees. Appellant sought hearings on his alleged right to appear, both from the Board and from appellee Ickes, but these were denied, though by the latter only after a careful review of appellant's legal contentions on the undisputed facts. Those contentions were substantially the same as are here involved.

As presented in various forms they involve the validity of Order No. 615, and more especially its applicability to the Board and to appellant in relation to proceedings before it. Interesting questions are raised concerning the authority of appellee Ickes to issue the Order (whether by virtue of statute[6] or inherent power), to extend it to the Board, the Agency, and their employees, and in regard to the manner of its application to appellant. It is argued that the Board and the Agency are not subdivisions or parts of the Department of the Interior; hence that their employees are not its employees, and their proceedings are not its proceedings, so that Order No. 615 is not applicable to them, their proceedings or their employees.[7] The argument is based on the fact that the Connally Act vests in the President, independently of any executive department, the power to administer and enforce its provisions;[8] that his orders[9] delegating this authority to the "Secretary of the Interior" do so, not in appellee's capacity as such Secretary or as part of the functions of that Department, but as an independent agent of the President, exercising functions unrelated to and unintegrated with the Department; that, therefore, the Board and the Agency, created and continued[10] to assist in administering and en-

---

[4] Cf. note 10, infra.

[5] The Order appears in the official departmental reports, 54 I.D. 194, bearing publication date of 1935. By its terms it purports to have been issued pursuant to authority conferred by Section 5 of the Act of Congress of July 4, 1884, 23 Stat. 101, 5 U.S.C.A. § 493. Cf. the similar rule of the Supreme Court of the United States as to persons serving as law clerk or secretary to a member of the Court. Rule 3, Revised Rules, 28 U.S.C.A. following section 354. Similar regulations are in force in the Post Office Department (Section 8, Order No. 547) and the Department of Agriculture (Memorandum No. 704, December 29, 1936).

[6] Cf. the preceding note.

[7] Hence, also, that the Act of July 4, 1884, 23 Stat. 101, pursuant to which the Order was issued, is not so applicable.

[8] Cf. note 2, supra.

[9] Including Executive Order No. 6979 (February 28, 1935), 15 U.S.C.A. § 715j, and Executive Order No. 7756 (December 1, 1937), 15 U.S.C.A. § 715j note.

[10] The Board was created originally March 1, 1935, by order of appellee Ickes, with the approval of the President, and continued by similar order and approval issued December 1, 1937, to issue Certificates of Clearance pursuant to the Connally Act.

The Agency was created on April 25,

forcing the Connally Act, are not subject to the Regulations of the Department, even if they are valid within it. It is asserted also that the Order is inherently unreasonable and arbitrary, and the manner of its application to appellant discriminatory.

It is not necessary for us to pass upon these issues because the controversy is now moot for two reasons. Under the terms of Order No. 615 as it was applied originally to appellant, the period of his disability ended September 15, 1939. Furthermore, the appeal in this case was argued on June 12, 1939. On July 1, following, appellees filed herein a Memorandum setting forth an amended form of Order No. 615, promulgated by appellee Ickes on June 29, preceding, as a result of problems raised by the Executive Reorganization effective July 1, 1939. The material portions of the amended order are set forth in the margin.[11] As applied to the appellant,

---

1935, by order of appellee Ickes, approved by the President, to conduct investigations relating to enforcement of the Connally Act and Regulations issued thereunder, including investigations relating to Certificates of Clearance presented to the Board for approval.

The Petroleum Conservation Division, of which appellee Holland is Director, was created by appellee Ickes by order issued March 14, 1936, to assist him in administering the Connally Act, and by order dated March 31, 1936, was assigned expressly to supervise the operations of the Board and the Agency. It appears to be admitted that the Division, supervising authority of the Board and the Agency, is part of the Department of the Interior proper. Appellant served as Special Agent of the Division briefly in May, 1936, immediately prior to his transfer to the position of Chief Investigator for the Agency. Prior to that service he was a Special Agent in the Oil Enforcement Unit of the Division of Investigations, Department of the Interior.

[11] "Under the authority conferred upon the Secretary of the Interior by section 5 of the act of July 4, 1884, 23 Stat. 101, 5 U.S.C. § 493, 5 U.S.C.A. § 493, and Section 161 of the Revised Statutes, 5 U.S.C. § 22, 5 U.S.C.A. § 22, and in the exercise of the inherent power of the Secretary of the Interior, the following regulation is hereby promulgated and ordered to be inserted between the eighth and ninth regulations heretofore promulgated on September 27, 1917 (46 L.D. 206), and in substitution of Regulation 8-a promulgated by me on March 24, 1933, in Order No. 615 (54 I.D. 194):

"8-a. (1) No person shall appear before the Department or before any bureau, board, division or other agency thereof as attorney, agent, or practitioner in any matter to which as an officer or employee of the United States he gave personal consideration or as to the facts of which he gained knowledge while in the Government service. No person shall knowingly (a) assist a person who has been employed by a client to represent him before the Department of the Interior in connection with any matter to which such person gave personal consideration or as to the facts of which such person gained personal knowledge while in the Government service, (b) accept assistance from any such person in connection with any such matter, or (c) share fees with any such person in connection with any such matter.

"(2) No former officer, clerk or employee of the Department of the Interior shall act as attorney, agent or practitioner or as the employee of an attorney, agent or practitioner within two years after the termination of such employment with the Department in any matter pending in such Department during the period of his employment therein, unless he shall first obtain the written consent thereto of the Secretary of the Interior or his duly authorized representative. Such applicant shall file an application in the form of an affidavit to the effect that he gave no personal consideration to such matter and had no knowledge of the facts involved in such matter while he was employed in the Department, and that he is not now associated with, and will not be associated with, any former employee who has gained knowledge of the case while employed by the Department of the Interior, and that his employment is not prohibited by Title 5, section 99, United States Code, [5 U.S.C.A. § 99] or other law, or by the regulations of the Department of the Interior. The statements contained in such affidavit shall not be sufficient if disproved by an examination of the files, records and facts pertaining to the case. Such affidavit should state the former connection of the applicant with the Department and identify the matter in which the applicant desires to appear. The application should be directed to the Secretary of the Interior. The applicant shall be promptly advised as to his privilege to appear in the particular matter, and this notice shall be filed by him in the record of the case.

"Harold L. Ickes
"Secretary of the Interior."

the effects of the amendments are that since June 29, 1939, he has been free, so far as the Regulation is concerned, to appear before the Board (1) as to matters not pending during his employment, at will; and (2) as to matters so pending, upon making the required affidavit and securing the Secretary's consent. One effect of the latter condition has been to prevent appellant's appearing in matters concerning which he or anyone associated with him in the claim or proceeding acquired knowledge of the facts or gave personal consideration during employment by the Government. As to such matters appellant did not, nor could he well, ask relief. As to matters pending while he was so employed, but as to which neither he nor his associates in representation gave personal attention or acquired factual knowledge during employment, the terms of the amended order limit application of the condition to a period of two years from termination of the employment, which in the case of appellant also expired on September 15, 1939. It does not appear that appellant has been prejudiced in any way by application of the condition since the effective date of the amended order.

Treating the Memorandum filed herein on July 1, 1939 (to which no opposition has been filed) as a formal motion to dismiss the appeal, it is ordered that the appeal be, and it is hereby, dismissed.

Appeal dismissed.